**LaTonya R. FINLEY, Plaintiff–Appellant,**

v.

**Thomas REARDON, Judge; et al., Defendants–Appellees.**

**No. 14–16474**

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2016 *

FILED June 28, 2016

Latonya R. Finley, Pro Se

Kimberly M. Drake, Litigation Counsel, Jarvis Fay Doporto & Gibson, LLP, Oakland, CA, for Defendants–Appellee Thomas Reardon, Thomas Rogers, Paul Delucchi, Carrie M. Panetta, Gregory Syrens

Alan M. Cohen, Office of the City Attorney for the City of Alameda, Alameda, CA, for Defendants–Appellees Alameda Police Department, Craig Vreeland, Erik Klaus

Raymond L. MacKay, Esquire, Office of the County Counsel County of Alameda, Oakland, CA, for Colleen McMahon, District Attorney, Defendant–Appellee Colleen Mcmahon

Before: BEA, WATFORD, and FRIEDLAND, Circuit Judges.

MEMORANDUM **

LaTonya R. Finley appeals pro se from the district court's judgment dismissing her action alleging violations of constitutional and statutory rights arising from her arrest and criminal prosecution. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim, *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990), and for abuse of discretion a denial of leave to amend, *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002), and we affirm.

The district court properly dismissed Finley's action because Finley failed to allege facts sufficient to state any plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in dismissing Finley's complaint

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

without leave to amend because amendment would have been futile, as Finley's claims are belied by documents of which the district court correctly took judicial notice. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725–26 (9th Cir. 2000) (explaining that a "district court acts within its discretion to deny leave to amend when amendment would be futile"); *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("[T]he court need not ... accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.").

Finley's request for judicial notice is granted.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.